Koller, Appellant, vs. City of La Crosse, Respondent.

*February 28 — April 6, 1900.*

*Municipal corporations; La Crosse city charter: Taking of land for street: Offset of benefits against damages: Award valid or invalid as a whole: Counterclaim: Personal liability of lotowner.*

1. Under sec. 6, subch. VI, of the La Crosse city charter (ch. 162, Laws of 1887, as amended by ch. 492, Laws of 1889), relating to the determination, by commissioners, of the compensation to be made for land proposed to be taken for street purposes and of the damages and benefits arising from the proposed improvement, the compen-

Koller vs. City of La Crosse.

sation and damages on the one side and the benefits on the other are to be offset, and only the difference between them is to be paid by or to the owner.

2. The award of the commissioners in such proceedings is either valid or invalid as a whole, and cannot be made the basis of a recovery of the value of the land taken, independent of the benefits assessed or attempted to be assessed to the remaining part of the same lot or parcel. So *held* in a case where the commissioners had failed to strike the balance, as required by the charter, between the value of the land taken and the benefits, and the land not taken had been sold at a tax sale for the full amount of the benefits attempted to be assessed against it.

3. In an action in such a case to recover the value of the land taken as determined by the commissioners the city cannot counterclaim the amount of the benefits assessed.

[4. Whether the excess of benefits over the value of the land taken can be made a personal liability against the lotowner, not determined.]

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Affirmed.*

The plaintiff was the owner of a tract of land in the city of *La Crosse*. In 1896 the city undertook to lay out Denton street, and found it necessary to take a portion of said tract. Appropriate proceedings were instituted to that end, and commissioners were duly appointed as required by sec. 6, subch. VI, ch. 162, Laws of 1887, as amended by sec. 6, ch. 492, Laws of 1889, to view the premises and determine the compensation to be paid to the owner for the land taken, and also what lands would be benefited, and to assess the amount of damage and benefits to each of the parcels affected by such improvements. The commissioners made an award, in which they determined the value of plaintiff's land taken to be $450. They also reported as follows: " In the opening of said Denton street, the commissioners do assess benefits to each of the following tracts of land or lots and to the owners thereof, to wit." Then follows the name of plaintiff, and a description of land, which, by mistake, failed to cover any land owned by plaintiff, and against which they

assessed benefits of $850. This report was confirmed by the council, and under another provision of the charter was referred to the board of public works and tax commissioner as a board of assessment and apportionment, who assessed and apportioned the expenses of the proceeding against the lands affected thereby. They duly made report to the council, which was confirmed. Thereupon they made the assessment roll as required by the charter, and the benefits and expenses so assessed went into the tax roll of the city for 1897 as special taxes against the erroneous description above referred to, amounting in all to $925.72. On December 17, 1897, and after the report of the commissioners had been filed and confirmed, the council made an appropriation, as required by the charter, for the purpose of paying the damages and balances of damages and benefits as shown by the award of the commissioners, and certified the same to the city treasurer. Due publication of the fact was made by the treasurer, and plaintiff furnished the required abstract, and made application to the treasurer for the said sum of $450, the value of the land taken, but the treasurer refused to pay the same. The city entered upon and occupied the land for street purposes, and has never paid for the same. Plaintiff made due application to the city for such payment, but payment was refused, and thereafter this action was brought to recover said amount.

The city answered, admitting the proceedings to condemn the land for a street, and alleged that the commissioners made an award of benefits $850, and of damages $450, and that the benefits exceeded the damages by $400. It was also alleged that the charter provided that only in case where the damages exceeded the benefits was the city required to make any payment. As a counterclaim and offset it was alleged that the plaintiff was indebted to the city in the sum of $850 for benefits assessed against his premises for the opening of said Denton street.

On the trial it was admitted that the commissioners made a mistake in the description of the land against which they assessed benefits as shown by their award. It was shown, however, that on November 18, 1898, the council adopted a resolution, reciting the award of the commissioners, the mistake in the description mentioned, which they undertook to correct, and directing the clerk to enter the corrected description in the tax roll. This was accordingly done, and the corrected description was entered in the tax roll for 1898 for the full amount of the benefits assessed against plaintiff, to wit, $925.72. The assessment not having been paid, the lands were duly sold, and a tax certificate issued, and is now outstanding. It also appeared on the trial that plaintiff had sold the land included in the corrected description prior to the commencement of this action. Both parties moved for a direction of a verdict, and the court directed a verdict for defendant. A motion for a new trial was denied, and judgment was entered for the defendant, from which the plaintiff has taken this appeal.

For the appellant there was a brief by *McConnell & Schweizer*, and oral argument by *C. H. Schweizer.*

*W. F. Wolfe*, city attorney, and *Martin Bergh*, of counsel, for the respondent.

BARDEEN, J. There is but one way the city of *La Crosse* can exercise the right of eminent domain, and that is by.a substantial compliance with charter requirements. If this has been done, the end of the law has been fulfilled and the plaintiff has no standing in court. If these requirements have not been met, then the plaintiff's land has not been properly taken, and he can reclaim it. The complaint is based upon the theory that the proceedings taken by the city leading up to the making of the award of the value of the property taken were valid and regular, and it is for the amount of this award that judgment is demanded.

Koller vs. City of La Crosse.

Subch. VI of the charter as amended by ch. 492, Laws of 1889, lays out the plan to be followed by the city when it is desired to take land for street purposes. It provides for the selection of, and determination of the necessity of the taking by, a jury. Sec. 6 of said ch. 492 provides that, after the verdict of the jury shall have been rendered, the council shall appoint commissioners " to view said premises and ascertain and determine the compensation to be paid the owners or persons interested in the real estate to be taken and appropriated, and also what lands, whether lying in said body or bodies necessary to be taken or not lying therein, will be benefited by such taking, and to assess the amount of the damage and benefits to each of the parcels of land affected by such improvement, whether lying in said body or bodies of land or not." It then provides for the meeting of the commissioners, and says: " At the time and place specified in such notice the commissioners shall view the premises described in the petition and proposed to be taken, and also all premises which will, in their judgment, be injured or benefited thereby. . . . They shall proceed thereupon to make their assessment and to determine and appraise the value of the several parcels of real estate proposed to be taken, and the damage, and also the benefit arising to each parcel of land, in their opinion damaged or bene fited by such proposed improvement," and make an award and report to the council. It also further provides that: " In making the said award and report, said commissioners shall assess and appraise to each lot or parcel of land, and to the owners thereof respectively, the injury arising or benefits accruing to the same from the proposed taking thereof. If any lands are both injured and benefited, they shall make allowance and deduction therefrom for any benefits which said lots and the owners thereof may respectively derive from such improvements, and if the damage to any lot or parcel of land shall be greater than the benefits received, or

Koller vs. City of La Crosse.

the benefits be greater than the damages, in either case the commissioners shall strike a balance and carry the difference forward to another column, so that their report will show what amount is to be received or paid by such owner or owners respectively, or by such lots or parcels of land respectively, and the difference only in such cases between such benefits and damages shall be paid to or by them."

The complaint fails to note the further proceedings attempted to be taken in regard to the assessment of benefits and damages mentioned. The proof shows that, after determining the compensation to be paid the owner for the land to be taken, the commissioners made an attempt to assess benefits to the remaining portion of plaintiff's property. By mistake they failed to properly describe it, and this mistake was not discovered until nearly a year thereafter, when the council attempted to correct it.

We have had some little difficulty in arriving at the true intent and meaning of this charter provision. The confusion arises from the failure to make it entirely clear whether compensation for the land taken and the damages for such taking may be offset against the benefits to adjoining property held by the same owner. Very similar provisions are contained in the charter of the city of Milwaukee; and this court, in construing them in the case of *Holton v. Milwaukee,* 31 Wis. 27, said: "In determining the compensation to be made for the land (for it cannot be taken without compensation), the jury are first to ascertain and fix its value, and allow the same, and then to estimate or assess the benefits or damages, if any, to the remaining land or property of the plaintiff, which will result from the improvement when made. . . . If the jury find benefits thus received, they are to be deducted from the value of the land taken, and a balance struck; but if, on the contrary, they find damages, these are to be added to the value. If the jury find benefits in excess of the value of the land taken, the owner becomes

Koller vs. City of La Crosse.

debtor to the public for such excess, and must pay the same. . . . As lands cannot be so taken and appropriated without compensation made to the owners, the assessments for benefits received are no more than a mode or species of taxation to provide or secure funds with which to make such compensation. The principle of such taxation is that the owner whose property is specially or peculiarly benefited by the laying out or opening of streets or highways should contribute the expense, or be taxed to make the requisite compensation; and as the party whose land is taken is equally within reach and operation of the principle with other owners, it may frequently happen that he may be without any direct pecuniary compensation at all, and sometimes he may even be required to contribute money beyond the value of the land taken. The appraisement of value and assessment of damages and benefits is doing that by one process or proceeding which otherwise might have constituted two,— first, an appraisement of value and estimate of damages to the owner whose land is taken, and then an assessment of benefits as a means of paying the value and damages; which latter would be a mere tax, and, of course, might fall on the owner whose land was taken in an amount equal to or in excess of the value and damages to which he might be entitled."

This case, it will be observed, sanctions the rule that compensation and damages may be offset by benefits, so that, if the scheme of the defendant's charter was framed to that end, it must govern our conclusion. We have made a careful reading of the different charter provisions, and cannot escape the conclusion that it was intended that compensation and damages should be construed as one, against which resulting benefits may stand as an offset, the difference either way to be paid or collected by the city. These are parts of an entire scheme which must be substantially followed or the taking must fail. The charter says that a balance between benefits and damages shall be

struck, and only the difference shall be paid by or to the parties. The commissioners failed to strike such balance, and the city, by its subsequent manipulation, failed to note or observe the requirement, but carried the full amount of benefits into the tax roll, without deducting the amount found due the plaintiff. This was certainly irregular and unwarranted, and if the outstanding certificate should be found to be valid,— a fact which we do not determine,— the plaintiff or holder of the land would clearly be entitled to a deduction therefrom the same as if the commissioners had struck the balance as required by the charter. If the award of the commissioners and the action of the council in attempting to correct the mistake in the description of the land benefited was valid and proper, then certainly plaintiff has no cause of action to enforce. If such proceeding were invalid, then the land was not taken according to law, and he must be left to his remedy to reclaim the land. The award, if valid, is valid as a whole. It cannot be divided in parts, and made available to plaintiff, for the purpose of a recovery of the value of the land taken, and repudiated as to the assessment of benefits. The duty to make the latter is just as imperative as to make the former. They are concomitant parts of one proceeding, and essential to a proper protection of the rights of all concerned.

The attempt to set up the award of benefits as a counterclaim does not seem to have been seriously regarded by the trial court. It was in no sense proper, and was rightfully disregarded. The power to make the balance of benefits a personal liability against the lotowner under defendant's charter may well be doubted. We leave the question undecided, as not being necessarily involved in the decision of this case. Authorities bearing on this question may be found collated in a note to *Ivanhoe v. Enterprise* (29 Oreg. 245), in 35 L. R. A. 58.

*By the Court.*— The judgment of the circuit court is affirmed.