ZWIETUSCH and another, Respondents, vs. VILLAGE OF EAST MILWAUKEE, Appellant.

*October 28—November 16, 1915.*

*Villages: Widening street: Condemnation of land: Damages: Deduction of special benefits: Statute construed.*

1. From the fact that the market value of the remainder of a tract of land is the same as the market value of the whole tract before a strip was taken therefrom for the widening of a street, it does not necessarily follow that such market value was kept up or restored by benefits equal to the market value of the strip taken.

2. Under sec. 899, Stats. 1913, where land is taken by a village for a street or other public improvement, "the special benefit, if any,

to be enjoyed" by the owner "from such improvement" is to be offset or deducted, not from "the value of the land taken," but only from "the damage otherwise sustained," if any. *Holton v. Milwaukee,* 31 Wis. 27, distinguished.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

*George H. Gabel,* for the appellant.

For the respondents there was a brief by *Edgar L. Wood,* attorney for *Zwietusch,* and *Charles E. Wild,* attorney for *First Savings & Trust Company,* and oral argument by *Mr. Wild.*

TIMLIN, J. This cause reached the circuit court by appeal from an appraisal of damages in condemnation by the appellant village of a strip of land for the purpose of widening a street. By special verdict the jury found that the value of the seven-foot strip of land proposed to be taken was $600, that there was no damage to the residue, and, under instructions of the court to the effect that there was no evidence to warrant a finding of benefits, found there were no benefits. Quoting from appellant's brief:

"The trial court practically instructed the jury that there was no evidence of any benefits and pursuant thereto the jury so found. That finding is absolutely contradictory to the finding that respondents sustained no damage, as the evidence is undisputed that the strip of land taken had a certain market value."

Appellant's counsel concedes that there was no testimony as to the value of the benefits in dollars and cents, but claims there was testimony by inference that the benefits were equal to the value of the land taken, and that inference, he thinks, is to be derived from the following: There being no damage to the residue of the land and that residue being worth as much as the whole tract was before the seven-foot strip was taken; the area being diminished and the market value remaining the same, it followed that the value of the former

area must have been reduced and the diminished area must have been enhanced in value or benefited in the sum of $600, the found value of the strip taken.

In the first place this argument contains the fallacy of comparing a mathematical quantity, namely, area, with the nonmathematical concept, value, when these two, although often related, have no necessary relation. For illustration, a lot 50 by 150 feet may be worth as much as an otherwise like lot in the same plat 50 by 155 feet, or a lot 30 by 120 feet as a lot 33 by 120 feet. Where utility or other controlling factor of value is proportionate to size or area, then value usually increases in proportion to increase in size or area; but where this relation does not exist, as in case of lots for residence purposes where a given area will serve for all buildings and conveniences, no such result follows. In short, it does not follow from the fact that the market value of the remainder of a tract continues as before the excision that such market value was kept up or restored by benefits equal to the market value of the excised portion. The tract in question, we must presume, will cut up into as many salable lots of equal market value without this seven-foot strip as with it.

There is another weakness in appellant's position which may be set forth as follows: Sec. 899, Stats. 1913, under which this condemnation was had, so far as relevant here is as follows:

"The jury shall render . . . a verdict or appraisement of damages, specifying therein the damages of each owner, and separately the value of the land taken from each, and the damage otherwise sustained by each by reason of the taking thereof, in estimating which they shall deduct therefrom the special benefit, if any, to be enjoyed by each from such improvement."

It will be noticed that the verdict must contain two separate findings, namely, the value of the land taken and the damages. The last mentioned is followed by the relative

clause, "in estimating which they shall deduct therefrom the special benefit, if any."

"By what is known as the doctrine of the 'last antecedent,' relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote, unless such extension is clearly required by a consideration of the entire act."    36 Cyc. 1123, *j,* and cases cited; 2 Lewis's Sutherland, Stat. Constr. (2d ed.) §§ 420, 421; *Jorgenson v. Superior,* 111 Wis. 561, 87 N. W. 565.

There is no reason for disturbing the ordinary grammatical relation of the component parts of this sentence; no absurd and no inequitable result follows if we give the sentence its ordinary meaning.    On the other hand, if we construe the sentence as requiring benefits to be offset against the value of the land actually taken we enter a field of constitutional law in which there is much conflict of authority elsewhere.    In 15 Cyc. 764–767, this conflict is noticed and the state courts ranged on either side of the question.    The appellant relies upon the interpretation given to a provision in the city charter of Milwaukee in *Holton v. Milwaukee,* 31 Wis. 27, and perhaps in some other cases.    The provision of statute construed in the case last cited is quite different from that here involved:

"Sec. 11. . . . They shall proceed to make their assessment, and determine and appraise, to the owner or owners, the value of the real estate so proposed to be taken, and the injury arising to them respectively, in consequence of the taking thereof, which shall be awarded to such owners respectively as damages, after making due allowance therefrom for any benefit which such owners may respectively derive from such improvement. . . .

"Sec. 12. If the damage to any person be greater than the benefits received, or if the benefit be greater than the damages, in either case the jurors shall strike a balance, and carry the difference forward to a column, so that the assessment will show what amount is to be received or paid by such

owner or owners respectively, and the difference only shall, in any case, be collectible of them, or payable to them."

The foregoing charter provision speaks of two items, namely, the value of the real estate taken and the consequential injury resulting from such taking, and the latter is followed by a relative clause quite similar to that in sec. 899, *supra.* But the next section, showing that the amount which shall be payable to the owner is the difference arrived at by striking a balance between *damages* and *benefits* and that *this difference only shall, in any case, be payable to the owner,* must be taken to deprive the owner of all compensation for the land taken or else to put a construction upon the statute which will include in the words "damage to any person" not only the consequential damage, but also the compensation for the land actually taken. There was therefore a reason for departing from the ordinary grammatical construction of the sentence which does not exist with reference to sec. 899, *supra.* *Koller v. La Crosse,* 106 Wis. 369, 82 N. W. 341, follows *Holton v. Milwaukee,* 31 Wis. 27, and deals with the same form of statute. Compare, however, *Robbins v. M. & H. R. Co.* 6 Wis. 636; *Milwaukee & M. R. Co. v. Eble,* 3 Pin. 334. The jury having found no damage to the residue, there was nothing against which benefits could be offset and the instruction was not prejudicial, and the judgment should be affirmed.

*By the Court.*—Judgment affirmed.