DAGAN, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 14—February 1, 1916.*

*Intoxicating liquors: Sale to Indians: Statute construed.*

Construing it in accordance with the doctrine of "last antecedent" and in the light of the history of the legislation on the subject, sec. 1567, Stats.,—providing that "no person shall sell . . . liquor to any Indian or to any mixed-blood Indian, except civilized persons of Indian descent not members of any tribe,"—prohibits the sale of liquor to any full-blood Indian whether he belongs to a tribe or not.

ERROR to review a judgment of the municipal court of Brown county: N. J. MONAHAN, Judge. *Affirmed.*

For the plaintiff in error the cause was submitted on the brief of *Kittell & Burke* and *Dennison Wheelock.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

KERWIN, J. The plaintiff in error was convicted of having sold intoxicating liquor to one Chas. Wheelock, an Indian, contrary to the provisions of sec. 1567, Stats. The judgment of conviction was brought here for review by writ of error.

"Section 1567. No person shall sell, barter, give or in any manner dispose of any intoxicating liquor to any Indian or to any mixed-blood Indian, except civilized persons of Indian descent not members of any tribe; and every person so offend-

ing shall for each offense be punished by a fine not exceeding one hundred dollars or by imprisonment in the county jail not exceeding three months, or both."

Under the foregoing statute it is the contention of counsel for plaintiff in error that if Chas. Wheelock was not a member of any tribe of Indians there should have been a verdict of not guilty.  On the part of the defendant in error it is argued that, Chas. Wheelock being a full-blood Indian, the sale of intoxicating liquor to him was within the prohibition of the statute whether he was a member of a tribe or not.  The argument of the defendant in error is that the statute makes two classes: first, full-blood Indians, and second, mixed-blood Indians, except civilized persons of Indian descent not members of any tribe, and that the clause "except civilized persons of Indian descent not members of any tribe" modifies the phrase next preceding it—"to any mixed-blood Indian,"— and does not refer to or affect the phrase "to any Indian." In *Zwietusch v. East Milwaukee,* 161 Wis. 519, 522, 154 N. W. 981, 982, this court quotes from 36 Cyc. 1123, j, as follows:

"By what is known as the doctrine of the 'last antecedent,' relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote, unless such extension is clearly required by a consideration of the entire act."  See, also, 2 Lewis's Sutherland, Stat. Constr. (2d ed.) §§ 420, 421; *Jorgenson v. Superior,* 111 Wis. 561, 87 N. W. 565.

There is nothing in the statute in the instant case which requires a different construction.  On the contrary the history of the legislation on the subject supports such construction.  When this statute was first enacted (R. S. 1849, ch. 30) it prohibited the sale of intoxicating liquor to "any Indian."  Sec. 1 provided:

"If any person shall sell, barter, give, or in any manner dispose of any intoxicating drink to any Indian within this state, he shall forfeit for every such offense the sum of fifty

dollars, to be recovered by any person who will sue for the same in his own name, in an action of debt, before any justice of the peace of the county in which the offense shall be committed."

The statute was re-enacted in the Revised Statutes of 1858, ch. 36. In the Revised Statutes of 1878, sec. 1567, the statute in its present form was enacted. So it seems that the legislature by the amendment intended to leave the prohibition against selling intoxicating liquor "to any Indian" as it existed before the amendment and to add to the statute by the amendment a prohibition against selling intoxicating liquor to such mixed-blood Indians as were not civilized persons of Indian descent or members of any tribe.

In *People v. Gebhard,* 151 Mich. 192, 115 N. W. 54, it was held that the phrase "nor to any person of Indian descent," in a statute prohibiting the sale of intoxicating liquor, was not synonymous or co-extensive with the words "nor to any Indian."

The fundamental rule in the construction of statutes is to ascertain and give effect to the intention of the legislature. From the light which the context affords, in connection with the history of the legislation, the court is of opinion that the construction placed upon the statute by the attorney general is correct and expresses the intention of the legislature, namely, that the statute prohibits sale of intoxicating liquor to all full-blood Indians.

This construction seems to be in harmony with decisions touching the subject. *People v. Gebhard,* 151 Mich. 192, 115 N. W. 54; *People v. Bray,* 105 Cal. 344, 38 Pac. 731; *State v. Wise,* 70 Minn. 99, 72 N. W. 843; *Farrell v. U. S.* 110 Fed. 942.

It is without dispute that Chas. Wheelock was a full-blood Indian, hence the sale to him was prohibited by the statute whether he belonged to a tribe or not.

It follows that the judgment below must be affirmed.

*By the Court.*—The judgment is affirmed.