CLARA M. TAYLOR, Plaintiff, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

Supreme Court, Monroe County, January 21, 1931.

*Michael L. Rogers*, for the plaintiff.

*Weldgen, Newton & Boyle* [*Dallas C. Newton* of counsel], for the defendant.

GILLETTE, J.   This is an action brought by the plaintiff against the defendant insurance company upon a policy of insurance issued on the 3d day of March, 1926, upon the life of Gordon A. Taylor, his mother Clara M. Taylor, the plaintiff, being named as the beneficiary therein.

The case was submitted to the court without a jury upon a stipulated statement of facts which is hereby referred to and made a part of this decision the same as if it were recited in full.

The whole controversy between the parties depends upon the construction to be given by the court to the provisions as to accidental death benefit contained on the second page of the policy and set forth in full in paragraph 7 of the stipulated statement of facts, as follows: " The Monthly Instalments of the Accidental Death Benefit specified on the first page hereof shall be payable in addition to and at the same time as the Monthly Instalments of Insurance upon receipt of due proof that the death of the Insured occurred during the continuance of this Policy while there was no default in the payment of premium, as a result, directly and independently· of all other causes, of bodily injuries, effected solely through external, violent and accidental means, of which, except in case of drowning or of internal injuries revealed by an autopsy, there is a visible contusion or wound on the exterior of the body, and that such death occurred within sixty days of the accident, provided, however, that no Accidental Death Benefit shall be payable if the death of the Insured resulted from suicide — whether sane or insane; from having been engaged in aviation or submarine operations or in military or naval service in time of war; or from a state of war, riot or insurrection; or directly or indirectly from bodily or mental infirmity or disease in any form."

It appears that at the time of the death of said Gordon A. Taylor, the said policy of insurance, upon which this action is founded, was in effect, and that he was in fact engaged in aviation, being engaged with others in forming a corporation known as " Taylor Brothers Aircraft Corporation " and maintaining a factory in the city of Rochester, N. Y., for the manufacture and sale of airplanes; that on the 12th day of April, 1928, he flew a two-seated monoplane

known as a " Taylor chummy," of which he was one of the designers and which had been built in the Taylor Brothers Aircraft Corporation factory; and between April 12, 1928, and April 24, 1928, he piloted, flew and operated this monoplane, and that on the 24th day of April, 1928, he was killed at Ford Field, Detroit, Mich., while operating this monoplane; that his death occurred in peace time, and did not result from suicide or from a state of war, riot or insurrection, or directly or indirectly from bodily or mental infirmity or disease of any form, but did occur from and while said Gordon A. Taylor, the insured, was actually engaged in aviation.

The question here is as to the construction to be placed upon the above-quoted exception contained in paragraph 7 of the stipulated statement of facts; whether the limitation " in time of war " applies to the words " engaged in aviation," or whether those words limit only the preceding words " in military or naval service," it being the claim of the plaintiff that, unless the assured was engaged in aviation in time of war, the limitation does not apply, and the plaintiff here is entitled to the amount of the accidental death benefit.

There is no claim that Gordon A. Taylor was killed in time of war, and it is agreed that if Taylor, when he was killed, was " engaged in aviation," there can be no recovery here, unless the exception from liability is only " in time of war."

"A policy of insurance is designed to secure the indemnity stated in the policy, and the terms used should be so construed as to effectuate the purpose designed, ambiguous provisions being fairly construed in favor of the beneficiary of the policy, the purpose of the contract being indemnity. Insurance companies are bound by their valid contracts of insurance, and where a risk is included in or covered by the indemnity contract and is not clearly excepted from the risks assumed by the insurer, the indemnity should be enforced in accordance with the legal meaning and effect of the contract which should be fairly interpreted by a just consideration of the language used, the subject-matter, and the object of the indemnity provisions.

" The beneficiary of the policy contends that the language ' engaged in aviation or submarine operations or in military or naval service in time of war,' being used in the policy without any punctuation, excepts from the provisions of the policy indemnity for the accidental death of the insured only when such death resulted from being ' engaged in aviation * * * in time of war;' that the fatal accident was not ' in time of war;' * * * while the insurer insists that the exception ' engaged in aviation operations ' applies in time of peace as well as in time of war, and

that any participation in flights by airplane makes the participant 'engaged in aviation operations' within the meaning of the policy.

" The policy provides ' that no accidental death benefit shall be payable if the death of the insured resulted from suicide — whether sane or insane; from having been engaged in aviation or submarine operations or in military or naval service in time of war; or from a state of war, riot or insurrection; or directly or indirectly from bodily or mental infirmity or disease in any form.' Relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote, unless such extension is clearly required by a consideration of the entire text. (36 Cyc. p. 1123.)

" The phrase ' from having been engaged in aviation or submarine operations or in military or naval service in time of war ' is between two semicolons. The phrases ' aviation or submarine operations ' and ' military or naval service ' are joined without punctuation by the words ' or in,' and the last phrase is followed without punctuation by the words ' in time of war.' Do the last-quoted words qualify the more remote phrase ' aviation or submarine operations,' as well as the next preceding phrase ' military or naval service?' The phrases contain different nouns. The meaning of ' operations ' and ' service ' is not the same. The word ' service ' has more direct relation to war. Engaging in aviation or submarine operations is distinctively hazardous at any time, while engaging in military or naval service is peculiarly hazardous only in time of war. Therefore, there was good reason to except risks in military or naval service only ' in time of war,' and to except at all times the risks of aviation and submarine operations. The use of the words ' or in,' to join the two phrases describing materially different hazards, indicates that the two phrases do not and were not intended to express a single or continuing thought, and that the qualifying phrase ' in time of war ' was intended to refer to the next preceding phrase, ' military or naval service,' and not also to the more remote phrase, ' aviation or submarine operations.' * * *

" In this case the context does not require or justify a construction that the qualifying phrase applies to other than the next preceding phrase, and there is no real ambiguity requiring a construction against the insurer and in favor of the insured. (See 32 C. J. 1158.)

" The provision that no accidental death benefit shall be payable if the death of the insured resulted ' from having been engaged

in aviation * * * operations' means that the death of the insured must have resulted from having taken part in aviation operations other than by merely being in an airplane when it fell to the ground and caught fire, thereby fatally injuring the insured. Being 'engaged in aviation operations' means taking part in the operations of an airplane in some direct way, other than merely participating in aeronautics by being in an airplane while it is in the air." (*Price* v. *Prudential Ins. Co. of America*, 98 Fla. 1044, 1052; 124 So. 817, 819, 820.)

It is stipulated in the agreed statement of facts that on the 24th day of April, 1928, said Gordon A. Taylor was killed while piloting, operating, flying and demonstrating a monoplane, and that the monoplane crashed to the ground from a height of at least 300 feet, resulting in his death, while this policy was in force.

An insurance policy is to be construed like other contracts, with a view to arrive at the intent of the parties. The rule that an insurance policy should be construed most strongly against the insurer can be resorted to only when, after using such helps as are proper to arrive at the intent of the parties, some of the language used or some phrases inserted in the policy are of doubtful import, in which case the rule should be applied, because the insurer wrote the policy. (See *Foote* v. *Ætna Life Insurance Co.*, 61 N. Y. 571, at p. 575.)

There is no ambiguity in the language used, and Taylor having been engaged in aviation at the time he met his death, the limitation of " in time of war " applies only to the last antecedent phrase " military or naval service," and does not apply to the prior phrase " engaged in aviation or submarine operations."

The words " in time of war," at the end of the clause providing for an exemption from liability where death should occur " from having been engaged in aviation or submarine operations or in military or naval service in time of war," refer back only to the last antecedent " military or naval service " and not to the prior antecedents " aviation or submarine operations," and, therefore, do not limit the exemption where death occurs while engaged in aviation to such death " in time of war; " but the exemption applied to all cases of death while engaged in aviation.

From the standpoint of grammar, the doctrine of the last antecedent applies. This means that where a relative or limiting clause or phrase follows an enumeration of objects to which it might apply, in the absence of a plain contrary intent, such relative or limiting clause or phrase shall be held to apply to only the last object, the last antecedent, and not to prior antecedents.

That is, here the prior antecedents to " in time of war " are

" engaged in aviation," " submarine operations," and " military or naval service." If the last antecedent rule is applicable, then " in time of war " would limit only " military and naval service," and there would be an absolute exemption as to one " engaged in aviation."

The text-books and many cases lay down the last antecedent rule, as follows: "As a general rule, relative, qualifying, or limiting words or clauses in a statute are to be referred to the next preceding antecedent, unless the context, or the evident meaning of the enactment, requires a different construction." (Black Interpretation of Laws, § 73.)

" Words of reference are in general referred to that to which the context appears properly to attract it — to the last sensible antecedent." (Beal Cardinal Rules of Legal Interpretation, p. 68.)

" The strict rule of grammar would seem to require, as a general thing, a limiting clause, or phrase, following several expressions to which it might be applicable, to be restrained to the last antecedent." (Endlich Interpretation of Statutes, § 414.)

" Relative and qualifying words and phrases, grammatically and legally, where no contrary intention appears, refer solely to the last antecedent. A proviso is construed to apply to the provision or clause immediately preceding." (Lewis Sutherland on Statutory Construction [2d ed.], § 420.)

" Relative words must ordinarily be referred to the last antecedent, where the intent upon the whole deed or instrument does not appear to the contrary, and where the matter itself does not hinder it: the ' last antecedent ' being the last word which can be made an antecedent so as to have a meaning. * * * The above rule of grammar is, of course, applicable to wills as well as to other written instruments." (Broom's Legal Maxims [9th ed.], p. 438.)

" By what is known as the doctrine of the ' last antecedent,' relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote, unless such extension is clearly required by a consideration of the entire act." (36 Cyc. 1123.)

In the following cases, the principle that limiting clauses or phrases are restrained to the last antecedent is illustrated in divers ways: *People* v. *Salter* (191 App. Div. 723); *Wood* v. *Baldwin* (56 Hun, 647); *Holmes* v. *Phenix Insurance Co. of Brooklyn* ([C. C. A. Mo.] 98 Fed. 240); *Puget Sound Elec. Ry.* v. *Benson* ([C. C. A.] 253 id. 710) *Cushing* v. *Worrick* (9 Gray [75 Mass.], 382); *Chestnut Hill & Spring House Turnpike Road Co.* v. *Montgomery County*

(228 Penn. St. 1; 76 Atl. 726); *State* v. *Scaffer* (95 Minn. 311; 104 N. W. 139); *Nebraska State Ry. Commission* v. *Alfalfa Butter Co.* (104 Neb. 797; 178 N. W. 766); *City of Traverse City* v. *Blair Tp.* (190 Mich. 313; 157 N. W. 81); *Dagan* v. *State* (162 Wis. 353; 156 N. W. 153); *Zwietusch* v. *Village of East Milwaukee* (161 Wis. 519; 154 N. W. 981); *Summerman* v. *Knowles* (33 N. J. Law, 202; 36 Cyc. 1123): *Jorgensen* v. *City of Superior* (111 Wis. 561; 87 N. W. 565).

For the foregoing reasons, among others, the plaintiff's complaint is dismissed, with costs, and let findings of fact and conclusions of law and a judgment be entered in conformance herewith.