LEONA L. SMITH, Plaintiff, *v.* JESSE R. WHITNEY and Others, Defendants.

Supreme Court, Monroe County, August 24, 1934.

*Mann, Strang, Bodine & Wright* [*C. Vincent Wiser* of counsel], for Rochester Trust and Safe Deposit Company, for the motion.

*Weldgen, Newton & Boyle* [*Nicholas J. Weldgen* of counsel], for the plaintiff, in opposition to the motion.

TAYLOR, J. Pursuant to a judgment of foreclosure and sale, duly granted in the above-entitled action, the mortgaged premises were sold at public auction on July 20, 1933. The assignee of the successful bidder at said sale, now asks to be relieved from completing its purchase upon the ground that title, derived through the referee's deed, will be defective by reason of failure to publish notice of sale as required by section 986 of the Civil Practice Act.

The property is situated in a city in which daily and weekly newspapers are published; in such case, the officer making the sale was required to give notice of the sale by publishing notice thereof in one of the daily newspapers at least twice in each week for three successive weeks, or in one of the weekly newspapers once in each of the six weeks immediately preceding the sale (Civ. Prac. Act, § 986).

As above stated, the sale took place on July 20, 1933; the notice of sale was published in the *Daily Record*, a daily newspaper published in the city of Rochester wherein the property was situated,

in the month of June, 1933, on Wednesday, the twenty-eighth, and in the month of July, 1933, on Monday the third, Friday the seventh, Monday the tenth, Friday the fourteenth and Tuesday the eighteenth. From June twenty-eighth, the day of the first publication to July twentieth, the day of the sale, is a period of twenty-two days. It thus appears that the notice was published twice in each of three successive periods of seven days; that the sale took place on the second day of the next succeeding seven-day period; and that more than twenty-one days elapsed between the day of the first publication and the day of the sale.

The objection urged by the purchaser is that the day of the first publication, June 28, 1933, was prior to three weeks immediately preceding the sale. It is argued that the sale, having taken place on July twentieth, the week immediately preceding must be determined to be the period of seven days between the nineteenth and thirteenth days of July inclusive; that the second week immediately preceding the sale must be determined to be the period of seven days between the twelfth and sixth days of July inclusive; and that the third week immediately preceding the sale must be determined to be the period of seven days between July fifth and June twenty-ninth inclusive, thus placing the day of the first publication, June twenty-eighth, in the fourth period of seven days immediately preceding the sale and resulting in a failure to publish twice a week for three weeks immediately preceding the sale.

To support this contention, two arbitrary and unwarranted assumptions must be indulged in, (1) that the statute requires publication not only for three successive weeks but also that such successive weeks shall immediately precede the sale and (2) that the phrase " immediately preceding the sale " means that the sale must be held on the day next following the twenty-first day of three successive seven-day periods. No support for such a narrow and unnatural construction may be gathered from the wording and grammatical construction of said section 986 nor found in any reported decision involving either the present statute or its source (section 1678 of the Code of Civil Procedure).

At one time, the provisions relative to the sale of real property provided only for publication once a week for six successive weeks (R. S. pt. 3, chap. 6, tit. 5, art. 2, § 34 [2 R. S. 368, § 34]; R. S. pt. 3, chap. 5, tit. 3 [2 R. S. 326, §§ 56, 57]). Later, the procedure was amended by chapter 682 of the Laws of 1881 (amdg. Code Civ. Proc. § 1678; Laws of 1880, chap. 178) so that the exception to publication, as upon an execution, read as follows: " unless the property is situated wholly or partly in a city in which a daily newspaper is published; and in that case by publishing notice of

the sale at least twice in each week for three successive weeks, immediately preceding the sale in one, or, in the city of New York or in the city of Brooklyn, in two such newspapers."

By chapter 263 of the Laws of 1894, said section 1678 of the Code of Civil Procedure was again amended by inserting, between the word " weeks " and the word " immediately," the following: " or in a weekly paper published in a city, once in each of the six weeks," so that it read as follows: " by publishing notice of the sale in such a daily paper at least twice in each week for three successive weeks, or in a weekly paper published in a city, once in each of the six weeks, immediately preceding the sale, or in the city of New York or the city of Brooklyn, in two such daily papers." The evident purpose of this amendment was to allow a choice between the daily and the weekly newspaper as the medium for publication of the notice of sale. Subsequent amendments extended the choice to papers published semi-weekly and tri-weekly.

Upon enactment of the Civil Practice Act in 1920, the provisions of section 1678 of the Code of Civil Procedure appear therein as section 986, unchanged except that the comma, which formerly separated the phrase " once in each of the six weeks " from the phrase " immediately preceding the sale," is omitted. As the section now reads, the phrase " immediately preceding the sale " may reasonably be construed to apply only where publication is made in a weekly newspaper. (See *Taylor* v. *Prudential Ins. Co.*, 142 Misc. 94, and *Coxson* v. *Doland*, 2 Daly, 66, for a discussion of the last antecedent rule.)

Assuming, however, that the Legislature intended that the publication twice in each week for three successive weeks, should take place in such weeks immediately preceding the sale, it does not follow that the sale must be noticed for the day succeeding the last day of the third successive week of publication. A sale, noticed for any day in the week next succeeding, would be in compliance with the statute. In Abbott's Practice and Forms ([3d ed.] vol. 1, p. 407) the author, Dean Alden, says: " Where the statute requires the publication to be for a specified number of weeks, immediately before the sale, it may perhaps be reasonably construed in view of the fact that it contemplates weeks beginning with Sunday and ending with Saturday to mean weeks immediately previous to the week of the sale, rather than to require the day of the sale immediately to follow the last week of publication." Whether the statute contemplates weeks beginning with Sunday and ending with Saturday, or periods of seven full days, is immaterial; in either case, the meaning of the qualifying phrase is not affected.

In construing a statute relating to immediate publication, it was said in *Matter of Hatch* (74 App. Div. 248): " ' Immediately ' is a relative term. Strictly defined, it means ' not separated by interval of time; present; instant.' It is clear that such is not the meaning intended to be given to the word as it would be an impossibility to publish such a notice instantly or without the intervention of any time."

In view of the foregoing, I reach the conclusion that the publication of the notice of sale herein, was a complete compliance with the provisions of said section 986 of the Civil Practice Act. (*Wood* v. *Morehouse*, 45 N. Y. 368; *Market National Bank* v. *Pacific National Bank*, 89 id. 397, 399; *Valentine* v. *McCue*, 26 Hun, 456; *Smith* v. *Butler*, 215 App. Div. 361; *Cortland Savings Bank* v. *Lighthall*, 53 Misc. 423.)

The motion is denied, with ten dollars costs.

An order, in accordance herewith, may be submitted for signature.