CHARLES ZINK, Plaintiff, *v.* LEON L. ARTHUR and Others, Impleaded with MARY ZALVIS, Defendants.

In the Matter of Supplementary Proceedings: ABRAM C. FAY, by Assignment, Judgment Creditor, *v.* MARY ZALVIS, Judgment Debtor.

Supreme Court, Delaware County, November 29, 1935.

*Ransford Crouse Marscher,* for the judgment debtor.

*Howard M. Rowe,* for the assignee of the judgment creditor.

McNAUGHT, J. It is questionable whether this motion can properly be made in the proceedings supplementary to execution. The parties and their attorneys, however, raise no question in that respect, and the matter having been submitted upon the merits, the motion will be determined.

The plaintiff Zink brought an action for the foreclosure of a mortgage against the judgment debtor, Mary Zalvis, and other defendants. Judgment of foreclosure and sale was entered April 18, 1931. The defendant Arthur was an attorney who had had an interest in the property and who conveyed the same to the defendant Zalvis. He also acted as attorney for such defendant. All of the defendants defaulted in the foreclosure action. Owing to certain conditions relative to the manner in which the mortgaged property had been used and the existence of certain judgments, Arthur requested the foreclosure of the mortgage. While there was no appearance or answer, Arthur was kept fully informed of the various steps taken in the foreclosure action. Notice of the sale was mailed to all parties, including the judgment debtor. The sale was advertised to take place on the 16th day of June, 1931. The usual referee's notice of sale was published in the *Walton Reporter*, a weekly newspaper published in the town where the property was situate, and issued on Saturday of each week. Such publication commenced in the issue of April 25, 1931, and the notice of sale was published in each issue thereafter, to and including that of June 6, 1931. The premises were bid in by the plaintiff in the foreclosure action for the sum of $3,000. The referee filed his report of sale, and an order of confirmation with direction for the entry of a deficiency judgment in the sum of $2,672.50 was granted and entered in the Delaware county clerk's office June 22, 1931.

The judgment debtor does not contend there is any question about her liability for any deficiency arising upon the sale. No satisfactory proof is submitted that the property was sold for a grossly inadequate sum; that there was any fraud or bad faith in connection with the sale, or any satisfactory assurance that if the property were resold it would bring more than was bid upon the sale by the referee. There is practically no dispute but what the judgment debtor and her attorney were fully advised and fully conversant with all steps taken in the proceeding. It appears beyond question that subsequent to the sale negotiations were entered into for the conveyance of the property to the moving judgment debtor; that a contract was drawn; that a deed was subsequently executed by the mortgagee purchaser; that a bond and mortgage were drawn, but that the transaction was not completed and title passed, because of certain clauses inserted in the mortgage relative to the full principal becoming due in the event the premises were used for illegal purposes in violation of law.

The motion to vacate the deficiency judgment is based entirely upon an alleged failure to comply with the provisions of sections 712 and 986 of the Civil Practice Act.

It is provided by section 986 of the Civil Practice Act that a sale of real property in pursuance of a judgment in an action affecting the title to such property must be at public auction to the highest bidder, and that notice of such sale must be given by the officer making it as prescribed for the sale by a sheriff of real property by virtue of an execution.

Section 712 of the Civil Practice Act provides the manner in which the sheriff shall give notice of the sale of real property by virtue of an execution. Subdivision 1 provides for the posting of a notice in three public places in the town or city where the sale is to take place, also in three public places in the town or city where the property is situated, at least forty-two days before the sale. No question is raised upon this motion but what such notices were posted. Subdivision 2 provides: " A copy of the notice must be published at least once in each of the six weeks immediately preceding the sale in a newspaper published in the county."

The sole ground upon which it is sought to vacate the deficiency judgment and void the sale is based upon the proposition that inasmuch as the last publication of the notice of sale was on the 6th day of June, 1931, and the sale occurred on the 16th day of June, 1931, there was no publication of the notice in the week immediately preceding the sale, and that such provision being mandatory, such lack of publication vitiates the sale.

The industry of counsel has presented to the court a multitude of authorities, none of which specifically decides the identical question here presented. Many of the authorities relate to publication an insufficient length of time prior to the sale, for instance, forty-two days outside of cities and twenty-one days within the limits of cities. The cases very uniformly hold that a failure to give forty-two days', or twenty-one days' notice, respectively, voids the sale. Our attention is also called to numerous cases relative to service of process by publication, in which the length of time the notice was published was involved.

In the instant case an entirely different question is presented. It is not claimed notice was given an insufficient length of time. Instead of forty-two, fifty-two days elapsed between the first publication and the day of sale. It is not contended notice of sale was published an insufficient number of times. It was, as a matter of fact, published in seven issues of the *Walton Reporter,* the newspaper in which it appeared. But we are told the sale is void and the judgment must be vacated because in the week commencing June seventh, and ending June thirteenth, there was no publication of the notice of sale. We view this as a strained and extremely technical construction of the statute. Publication of a notice of

sale commences the day the publication occurs, and if in a weekly newspaper manifestly is for the week commencing with the day of publication. If this be true, and we believe it cannot be seriously questioned, a publication commencing on the twenty-fifth day of April for the first week, ended May first. The publication May second ended May eighth, and publications of notice of sale continuing in this manner to and including the sixth day of June, the publication of June sixth covered the week ending June twelfth. Therefore, the notice of sale was published in the week preceding the sale on the sixteenth. It is true the sale could have occurred any time after the expiration of forty-two days, but that did not preclude a sale any time in the week following the week covered by the last publication.

We hold that the week covered by the publication of June sixth was the week commencing June sixth and ending June twelfth, and, therefore, that the notice was published once in the week immediately preceding the sale.

We do not undertake to extend this brief memorandum by analysis and discussion of the various cases to which our attention has been called by counsel. We believe our conclusion in principle is warranted by authority. (*City of Albany* v. *Goodman,* 203 App. Div. 530; *Smith* v. *Butler,* 215 id. 361; *White* v. *Coulter,* 1 Hun, 357; *Smith* v. *Whitney,* 152 Misc. 538.)

We are of the opinion the judgment debtor is not precluded from making this motion by the provisions of sections 521 or 528 of the Civil Practice Act. With full knowledge of all of the facts, however, with information as to the steps taken in the proceeding, with the negotiations and contract relative to the repurchase of the property, we are of the opinion the judgment debtor, irrespective of the provisions of the Civil Practice Act, is guilty of gross laches in making this motion, and the motion should be denied for that reason, if for no other.

The granting of the motion of the judgment debtor would also present another difficulty, owing to the provisions of section 662 of the Civil Practice Act which provides: " An omission by the sheriff to give notice of the sale of property by virtue of an execution, as required by law, * * * does not affect the validity of a sale, * * * to a purchaser in good faith, without notice of the omission or offense." It would seem, therefore, that the title acquired by the purchaser at the sale would not be affected. If such be the case the sale should not be set aside as to him. The judgment debtor, guilty of laches, if successful on this motion, although acknowledging liability for deficiency judgment, would be relieved of all responsibility, for a deficiency judgment could not be entered against her unless the amount was determined by a resale.

The purpose and the motives actuating the assignee of the judgment creditor are not before us for consideration or determination. We again express, however, the opinion we did upon the argument of the motion, that taking into consideration the litigation relative to other property now pending between the judgment debtor and the assignee of the judgment creditor, the parties might well, to their mutual advantage, compose their differences in relation to both matters.

The motion is denied, with ten dollars costs.

Submit order accordingly.