VILLAGE OF MENOMONEE FALLS, Plaintiff-Appellant,

v.

FALLS RENTAL WORLD, a/k/a L & R Rentals, Inc., Defendant-Respondent. [Case No. 86-0097.]

VILLAGE OF MENOMONEE FALLS, Plaintiff-Appellant,

v.

Ray FALTER, d/b/a Falls Rental World, a/k/a L & R Rentals, Inc., Defendant-Respondent.†[Case No. 86-0098.]

Court of Appeals

*Nos. 86–0097, 86–0098. Submitted on briefs July 30, 1986.— Decided December 3, 1986.*

†Petition to review dismissed.

For the plaintiff-appellant, the cause was submitted on the briefs of *Michael J. Morse*, and *Stephen W. Hayes*, of *von Briesen & Redmond, S.C.* of Milwaukee.

For the defendant-respondent, the cause was submitted on the brief of *Joseph J. Esser* of *Charlton & Esser* of Menomonee Falls.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J. The sole issue on appeal is whether goods held out for rental may be classified as "merchants' stock-in-trade" thereby qualifying it as personal property exempt from taxation under sec. 70.111(17), Stats. The statute allows exemptions from general property taxes for "merchants' stock-in-trade, manufacturers' materials and finished products and livestock." We conclude that personal property held out for rental is not "stock-in-trade" as that term is used in the statute; therefore, we reverse the judgment of the trial court.

Falls Rental World, a/k/a L & R Rentals (FRW), is in the business of renting personal property to others. This property generally consists of party goods, equipment used outside the home, and medical equipment. FRW also holds some property out for sale which is not subject to rental. The property in dispute was held out for rental use by its customers.

Property is occasionally removed from the rental group and sold. Generally, former rental equipment is sold because it is no longer usable as rental property or because a rental customer has asked to purchase the property from FRW. However, the trial court found that FRW's primary purpose was to solicit customers to rent its property.

The Village of Menomonee Falls commenced an action in 1983 to collect delinquent personal property taxes of $857.89 owed by FRW. It subsequently commenced a second action against FRW to collect delinquent personal property taxes for 1984 in the amount of $691.32. These amounts were based on the total assessed value of FRW's personal property for the taxable years in question. FRW contended that personal

property held out for rental was exempt under sec. 70.111(17), Stats.

Pursuant to the stipulation of the parties, the cases were consolidated for hearing in the circuit court. The trial court held that substantially all of FRW's property in both cases was exempt under sec. 70.111(17), Stats., as merchants' stock-in-trade.

■

On appeal, FRW argues that before a tax may be imposed, the objects of taxation must be reasonably described by the language of the statute and that any ambiguities must be resolved in favor of the person upon whom the tax is sought to be imposed. *Kearney & Trecker Corp. v. Department of Revenue,* 91 Wis. 2d 746, 753, 284 N.W.2d 61, 64 (1979). This rule of construction addresses the *applicability* of a statute; it contrasts, however, with the rule regarding *exemptions* from taxation, which states that ambiguities are resolved against the person claiming an exemption. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51 (1981).

■

The application of a statute to a particular set of facts is a question of law. *Bucyrus-Erie Co. v. DILHR,* 90 Wis. 2d 408, 417, 280 N.W.2d 142, 146–47 (1979). The appellate court decides questions of law independently, without deference to the conclusion of the trial court. *Ball v. District No. 4, Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

■

A tax exemption statute is to be strictly construed against granting an exemption. *Pabst Brewing Co. v. City of Milwaukee,* 125 Wis. 2d 437, 445, 373 N.W.2d 680, 684 (Ct. App. 1985). Tax exemptions are purely

matters of legislative grace. *Ramrod, Inc. v. Department of Revenue*, 64 Wis. 2d 499, 504, 219 N.W.2d 604, 607 (1974). The taxpayer has the burden of bringing the property in question within the terms of the exemption, *Ladish Malting Co. v. Wisconsin Dep't of Revenue*, 98 Wis. 2d 496, 502, 297 N.W.2d 56, 58 (Ct. App. 1980), by showing that the terms thereof clearly apply to him. *Midcontinent Broadcasting Co. v. Department of Revenue*, 98 Wis. 2d 379, 390, 297 N.W.2d 191, 197 (1980).

When no statutory definition or case law exists to define a term in a statute, the common and generally understood meaning of the term should be applied. *State (Bd. of Regents) v. City of Madison,* 55 Wis. 2d 427, 433, 198 N.W.2d 615, 619 (1972). The meaning of such a term, as construed in its common usage, can be established by reference to a recognized dictionary. *Department of Natural Resources v. Wisconsin Power & Light Co.*, 108 Wis. 2d 403, 408, 321 N.W.2d 286, 289 (1982). Webster's Dictionary defines "merchant" as "a buyer and seller of commodities for profit: trader [or] operator of a retail business." Webster's Third New International Dictionary 1413 (1976). "Stock-in-trade" is defined as "the goods kept for sale by a shopkeeper." *Id.* at 2247.[1]

Courts in other jurisdictions concur in these definitions of "merchant" and "stock-in-trade." *City of Boston v. Mac-Gray Co., Inc.*, 359 N.E.2d 946, 948 (Mass.

---

[1] This definition is consistent with an opinion issued by the attorney general in 1963 in which he interpreted the meaning of "merchants' stock-in-trade" as it was used in sec. 77.64, Stats. (1963). That section provided for tax credits on "merchants' stock-in-trade, manufacturers' materials and finished products, and livestock." 52 Op. Att'y Gen. 387, 388 (1963).

1977); *State Dep't of Assessments and Taxation v. Greyhound Computer Corp.*, 320 A.2d 40, 44–45 (Md. 1974); *Aeronautical Communications Equip., Inc. v. Metropolitan Dade County*, 219 So. 2d 101, 103 (Fla. Dist. Ct. App. 1969).

We conclude that the property at issue is not exempt from taxation under the plain meaning of the statute. FRW has failed to meet its burden under *Ladish* of showing that the terms of sec. 70.111(17), Stats., clearly apply to property held out for rental.

FRW is selling a service. Its stock-in-trade, if it exists, is the performance of its goods and equipment. FRW is in the business of renting party goods, equipment used outside the home, and medical equipment. It is not in the business of selling these items. It does not, therefore, meet the definition of a merchant.

In addition, FRW's property held out for rental cannot consistently be construed as "goods kept for sale." Consequently, this property does not meet the definition of stock-in-trade and is thus not exempt from personal property taxes under sec. 70.111(17), Stats.

*By the Court.*—Judgment reversed.