DR. HERBERT J. GROVER, State Superintendent Department of PublicInstruction
You request my opinion on the following question involving the interpretation of provisions of section 43.58(1), Stats.: "Do the express powers of a library board under s. 43.58(1), Wis. Stats., to control the expenditure of funds carry with it the implied authority to contract or otherwise procure goods or services?" Section 43.58(1) reads:
 The library board shall have exclusive control of the expenditure of all moneys collected, donated or appropriated for the library fund, and of the purchase of a site and the erection of the library building whenever authorized. The library board also shall have exclusive charge, control and custody of all lands, buildings, money or other property devised, bequeathed, given or granted to, or otherwise acquired or leased by, the municipality for library purposes.
The operative statutory language which most directly relates to your question is that which authorizes the library board to exercise "exclusive control of the expenditure" of library funds. Generally, the courts will interpret such statutory language on the basis of the plain meaning of the words. In re Marriage ofAbel v. Johnson, 135 Wis.2d 219, 226, 400 N.W.2d 22 (Ct.App. 1986). Therefore, in the absence of statutory or judicial definition, we should apply the common and generally understood meaning of such words, which can be established by reference to a recognized dictionary. Menomonee Falls v. Falls Rental World,135 Wis.2d 393, 397, 400 N.W.2d 478 (Ct.App. 1986). Webster's dictionary defines "exclusive" as "I a: excluding or having power to exclude b: limiting or limited to possession, control, or use by a single individual or group 2 a: excluding others from participation . . . ." Webster's Ninth New Collegiate Dictionary 433 (1984). "Expenditure" is defined as "1: the act or process of expending . . . ." Id. at 437. *Page 194 
Based on the common and generally understood meaning of the above language of section 43.58(1), it is my opinion that the legislative grant to a library board of "exclusive control of the expenditure of all moneys collected, donated or appropriated for the library fund" contemplates that the board will exercise complete control over the manner in which such moneys are expended, which includes the authority to contract the expenditure of such funds to procure necessary goods and services for the public library.
Material submitted with your inquiry suggests that it has been questioned whether the library board has the authority to contract for goods and services because the statute does not expressly so provide. However, authority to exercise exclusive control of the expenditure of appropriated money is tantamount to such a grant, since it is inconceivable that the board could fully implement its authority under the statute without exercising the power to contract. Moreover, it is generally recognized that "an administrative agency's powers include not only those that are expressly conferred by the statute under which the agency operates, but also those that are fairly implied." Watkins v. LIRC, 117 Wis.2d 753, 761, 345 N.W.2d 482
(1984).
The library board's authority to contract for goods and services is not subject to the limiting phrase in that portion of the first sentence of section 43.58(1), after the comma, which provides that the library board shall have exclusive control "of the purchase of a site and the erection of the library building whenever authorized." The latter language is properly read as separate and distinct from the board's authority over expenditures generally, and merely sets forth the requirement that the purchase of a site and erection of a building for library purposes must be authorized by the governing body of the municipality involved. The qualifying phrase "whenever authorized" is to be applied only to the words or phrase immediately preceding, unless the context or evident meaning of the statute requires a different construction:
 In Zwietusch v. East Milwaukee, 161 Wis. 519, 522, 154 N.W. 981, 982, this court quotes from 36 Cyc. 1123, j, as follows:
 "By what is known as the doctrine of the `last antecedent,' relative and qualifying words, phrases and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more *Page 195 
remote, unless such extension is clearly required by a consideration of the entire act." See, also, 2 Lewis's Sutherland, Stat. Constr. (2d ed.) §§ 420, 421; Jorgenson v. Superior, 111 Wis. 561, 87 N.W. 565.
Dagan v. State, 162 Wis. 353, 354, 156 N.W. 153 (1916); see alsoState v. Carroll, 239 Wis. 625, 632, 2 N.W.2d 211 (1942). I find nothing in the statute requiring a different construction. On the contrary, the history of the legislation supports such construction.
Much of the current statutory framework for the establishment and operation of municipal libraries and library boards, as principally set forth currently in sections 43.52, 43.54 and43.58, originates with chapter 80, Stats. (1872), as amended by chapter 295, Laws of 1876. Requirements similar to those set forth in the first sentence of present section 43.58(1) are found in section 5, chapter 80, Stats. (1872), which provided in part that the board
 shall have the exclusive control of the expenditures of all moneys collected to the library fund . . . . Said board shall have the power to occupy, lease or erect an appropriate building for the use of said library . . . provided, however, that no purchase or lease of land or buildings, and no order or contract for the erection or construction of buildings shall take effect without the previous approval of the mayor and common council of the city, or board of trustees of the village.
That early statutory provision demonstrates that from the outset, while the Legislature provided library boards with the broadest control of library expenditures generally, it treated the authority of library boards to acquire land and buildings separately and more restrictively. The authority of the library board continues to be separately treated in the latter regard.
DJH:JCM *Page 196