## WOOD *v.* BALDWIN.

*(Supreme Court, General Term, Second Department. May 12, 1890.)*

ATTORNEY AND CLIENT—ACTION FOR ATTORNEY'S FEES.

In an action to recover $50 for legal services rendered "in case of *Baldwin* v. *Robinson,*" plaintiff testified: "I defended a suit brought by Robinson against Baldwin. After the conclusion of that suit, I brought an action in the supreme court for Baldwin against Robinson. I know the value of such services rendered. The value of said services is $50." *Held,* that plaintiff's estimate of value would be regarded, on appeal from a judgment in his favor, as referring to the services in *Baldwin* v. *Robinson,* and not to all the services testified to.

Appeal from Dutchess county court.

Action by William H. Wood against Elisha T. Baldwin, originally brought in a justice's court, where plaintiff recovered a judgment, which was approved by the county court. Defendant again appeals.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*Herrick & Losey,* for appellant. *C. Morschauser,* for respondent.

PRATT, J. The complaint alleges that plaintiff performed work for defendant reasonably worth $50. The bill of particulars is, " To services in case of *Baldwin* v. *Robinson,* fifty dollars." On the trial the defendant did not appear, and plaintiff testified: " I went to Hopewell Junction, and defended a suit brought by Robinson against Baldwin. After the conclusion of that suit, I brought an action in the supreme court for Baldwin against Robinson. I know the value of such services rendered. The value of said services is fifty dollars." Judgment went for the plaintiff for that sum. The defendant appeals, and for cause of reversal alleges that the value was predicated, not merely on what was done in the action of *Baldwin* v. *Robinson,* but in part on what was done in *Robinson* v. *Baldwin,* which was not included in the bill of particulars, and for which no recovery could be properly had. That question is discussed by the court below, and the conclusion there reached is that a proper construction of the testimony shows that the witness did not base his estimate of value to any extent upon what was done in the action the witness defended, but that the $50 value was applied solely to the action of *Baldwin* v. *Robinson,* where he brought the suit. An examination of the testimony shows that conclusion clearly right. Immediately before giving his estimate of value, the witness was speaking of the action of *Baldwin* v. *Robinson,* and his declaration must be regarded as referring to the antecedent immediately preceding. The rule of grammar, which is also a rule of law, is that a relative clause relates to the nearest antecedent that will make sense. The rule is as ancient as the language. Finch, in his discourse on law, (Edition 1759, bk. 1, c. 3, p. 8,) states it thus: " Words ›of construction must be referred to the next antecedent, where the matter itself doth not hinder;" and cites cases as far back as Edward IV. 5 Com. Dig. marg. p. 333, says the relative is referred to the last antecedent, and cites numerous cases. Broom, in his Maxims, cites Noy, to the effect that " relative words refer to the next antecedent," and says the " last antecedent " is the last word that can be made an antecedent so as to make sense. Page 680. In *Baring* v. *Christie,* 5 East, 398, the language under consideration was, " George G. Dominick, master or commander of the ship called the Mount Vernon, of the town of Philadelphia;" which was held to mean that not Dominick, but the ship, was of that town, and, for the reason that the clause could not be held to include Dominick, the ship's papers were adjudged illegal, as not disclosing the habitation of the master. Applying this rule to the testimony in this action, it is plain that the language of the witness, " the value of said services is fifty dollars," should be referred, not to all the services testified to, but to the services in the action of *Baldwin* v. *Robinson,* which in his testimony immediately preceded his valuation. Those were the services set out in the bill of particulars for which a recovery might properly be had. It follows that no error was committed, and the judgment must be affirmed, with costs.