THE PROGRESS.

## HAUGEN v. OCEANIC FISHERIES CO., Inc.
### No. 13891.

District Court, W. D. Washington, N. D.
Dec. 29, 1937.

Henry C. Levinski, of Seattle, Wash., for libelant.

Koenigsberg & Sanford, of Seattle, Wash., for respondent and claimant.

NETERER, District Judge.

Libelant seeks to recover the sum of $25,000 "for his maintenance, subsistence and cure" for injuries sustained on the voyage of the respondent ship Progress as a seaman on said vessel on or about the 13th day of May, 1936, while at sea in the Alaskan waters. The respondent, answering under special denials, and by way of first affirmative defense, states that prior to the commencement of this action an action was commenced by the libelant in the state court and in which action he sought to recover by way of damages for personal injuries sustained on board vessel Progress and as a second cause of action in said case set to recover for maintenance, wages, and cure.

- That at the trial prior to the introduction of evidence the plaintiff obtained a dismissal without prejudice on the said second cause of action. Thereupon libelant amended his complaint in the said state court action for personal injuries and for loss of wages by reason of said disability and impairment "now or in the future." That on the trial in said action libelant presented evidence of permanent loss and disability to earn wages in future and of

his life expectancy. That upon the trial the court submitted to the jury as a reasonable loss of wages, if any, as he has sustained in the past and his reasonable sustenance in the future, and recovery shall not exceed $25,000 as full and fair for injuries, if any, he had sustained. That thereupon a jury returned a verdict upon the issue submitted in the sum of $1,000 for the libelant, and that judgment was duly entered, and the judgment was paid.

In reply the libelant seeks to put in issue the proceedings in the state court as to the testimony presented, etc. The motion is made by the respondent to strike the various parts of the reply. The contention of the respondent is that the judgment in the state court is res adjudicata of the issue in this case. Concisely the question now to be determined, Is the libelant concluded by the judgment of the state court?

 It is at once obvious that the libelant for injury on the high sea had two remedies: one, a common-law remedy under the Jones Act, § 33, 46 U.S.C.A. § 688: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply." The libelant also is entitled under the general maritime law for injury, or illness occurring on the voyage, for maintenance, cure, and wages during the voyage. The recovery for maintenance, wages, and cure is of right; the recovery for personal injury is based upon acts of omission or commission of imposed duties.

█ The ship's articles constitute a contract between the seaman and the ship for wages, maintenance, and cure for illness during the voyage. After entering upon the voyage, the seaman became entitled as of course during the voyage to. (a) maintenance, (b) cure for illness, (c) wages for the voyage.

█ To recover these claims, no negligence need be shown, only engagement as a seaman and illness; and that his impairment was not occasioned by his own willful or unlawful act. Recovery is limited to these items during the voyage. The seaman is not entitled to a jury trial. Recovery for injuries predicated on negligence, all damages sustained may be claimed and recovered; this includes wages for the voyage and future impairment, if any, including mental and physical pain as well as expenses for hospitalization and medicine.

█ A seaman may not recover for loss of injury more than once, and, if he sues under the Jones Act as in the instant case, he is entitled to recover for all impairment physical or mental, pain, etc., loss of wages, medicine and hospitalization; and a judgment obtained in such case is res judicata of any future action. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S. Ct. 600, 71 L.Ed. 1069. In such action a party must present every element of injury he sustained by the injury complained of, and, if he fails, he may not relitigate the matter in another action. A party is bound by a judgment determining all issues presented, and all claims for recovery which might have been presented. U. S. v. Sakharam Ganesh Pandit, 9 Cir., 15 F.2d 285, certiorari denied 273 U.S. 759, 47 S.Ct. 473, 71 L.Ed. 878. A party may not split his demand and prosecute it in several actions, the claims and the tribunal being the same. See Roebling's Sons Co., etc., v. Erickson, 2 Cir., 261 F. 986. See, also, Owens v. Hammond Lumber Co., D.C., 8 F.Supp. 392; In re Famous Players Lasky Corp., D.C., 30 F.2d 402. While the claim in the state court action, under the Jones Act, is all-inclusive, the same may not be said of an action in the admiralty for the reason that recovery is limited to wages, maintenance, and cure for the voyage nor is a determination by payment of wages, maintenance, and cure for the voyage, because there is still an element of damages which may not be included in the wages, maintenance and cure for the voyage. This was clearly pointed out by the Supreme Court in Pacific S. S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220; in that case settlement had been for wages, maintenance, and cure, action was commenced for personal injuries sustained aside from these elements and the court permitted it. All these elements are included in the instant case in the state court judgment.

The motion of respondent is granted.