**BECKWITH v. AMERICAN PRESIDENT LINES, LIMITED, and five other cases.**

Nos. 26326–H, 26172–R, 26325–R, 26406–S, 26430–G, 26431–S.

District Court, N. D. California, S. D.

Oct. 18, 1946.

Rehearing Denied Nov. 27, 1946.

Gladstein, Resner, Anderson, Sawyer and Edises, of San Francisco, Cal., for plaintiffs.

Treadwell & Laughlin, of San Francisco, Cal., for defendant.

Before HARRIS, GOODMAN, and ROCHE, District Judges.

PER CURIAM.

The above-mentioned cases were regularly consolidated for the purpose of hearing the motions to remand made therein by plaintiffs. The complaints originally were instituted in the Superior Court of the State of California, in and for the City and County of San Francisco, under the Jones Act, 46 U.S.C.A. § 688, seeking damages for the alleged negligent abandonment of plaintiffs by defer dant in Manila on December 10, 1941 and their subsequent capture and imprisonment by the Japanese, and for wages, bonus, maintenance and cure.

Thereafter, defendant, American President Lines, Ltd., filed petitions for removal of cause upon the asserted ground of diversity of citizenship, the jurisdictional amount being present, and alleged that plaintiff "sets forth a separable cause of action against this defendant based upon contract rights of seamen, and is specifically for bonus * * * so far as said separable action for bonus is concerned, it does not in anywise arise under the Jones Act, but arises upon Maritime contract rights of seamen."

The several petitions were heard in the Superior Court and orders were therein made denying the same.

Records on removal were thereafter lodged in this court. In due course, plaintiffs filed their several notices of motion to remand.

This Court, after consideration of the oral argument and the briefs on file, has concluded that the motions to remand should be granted.

■ By the Jones Act, plaintiff seamen, in the first instance, had the right to select the forum for their cause thereunder. They chose the State court and by statutory mandate (the Jones Act) the cause is not removable to the Federal court. Martin v. United States Shipping Board, 2 Cir., 1 F.2d 603.

■ The contention that there has been a waiver of this basic right on plaintiffs' part by including the claim for wages or bonus, in a complaint otherwise sounding in tort, is without merit.

Plaintiffs' position is amply supported by the following authorities, which the Court considers controlling: Ullrich v. New York,

N. H. & H. R. Co., 2 Cir., 193 F. 768, at page 771; Goetz v. Interlake S.S. Co., 2 Cir., 47 F.2d 753, at page 756; Oceanic Fisheries Co. v. United States Fidelity & Guaranty Co., 9 Wash.2d 484, 115 P.2d 714, at page 716; Occidental Indemnity Company v. Industrial Accident Commission, 24 Cal.2d 310, at page 312, 149 P.2d 841; The Progress, (Haugen v. Oceanic Fisheries Co.), D.C., 21 F.Supp. 572, at page 573; Smith v. Lykes Brothers-Ripley S.S. Co., 5 Cir., 105 F.2d 604, at page 605; Lindquist v. Dilkes, 3 Cir., 127 F.2d 21; Rowley v. Sierra S.S. Co., D.C., 48 F.Supp. 193, at page 195; Drovers' Deposit Nat. Bank v. Tichenor, 7 Cir., 202 F. 1013, at page 1014; Tullar & Tullar v. Illinois Cent.'R. Co., 8 Cir., 213 F. 280, at page 284.

The entire controversy, as embraced in plaintiffs' complaint, has its foundation upon the alleged negligence of the defendant in the abandonment of the plaintiffs in Manila at or about the outbreak of the war. The bonus feature providing that plaintiffs should receive a stipulated sum for each and every month that they were outside the Continental United States beyond the 180 Meridian, Westbound, is merely an incident, or secondary to the primary cause of action and does not present a controversy of such a separable character as would justify removal. Boehne v. Southwestern Bell Telephone Co., D.C., 10 F.Supp. 788, at page 791.

The authorities relied upon by the defendant arising under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., have been examined and are clearly distinguishable. As illustrative: in Jacobson v. Chicago, M. St. P. & P. R. Co., 8 Cir., 66 F.2d 688, at page 694, the doctrine of waiver was applied, the plaintiff having failed to make a motion to remand the case. In Givens v. Wright, 247 F. 233, at page 235, it appeared that plaintiff therein based her right to recovery under the Federal Employers' Liability Act, if the evidence disclosed that defendants and the deceased were engaged in interstate commerce; but upon the statutes of the State of Texas if the evidence failed to so show. The petition, as the Court pointed out, was double in its nature and set forth in the alternative two different grounds of recovery—one based upon a federal statute and not removable, and the other based upon the statutes of the State of Texas and removable. Plaintiffs herein elected to plead their case arising under the Jones Act in one count, or cause of action, seeking damages and the incidental relief arising out of loss of wages, maintenance, etc. Under all the circumstances, defendant should not be permitted to carve therefrom an asserted separable cause or controversy. To do so would defeat the clear mandate, spirit and purpose of the statute providing that "no case arising under this Act and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 45 U.S.C.A. § 56.

To give recognition to the arguments advanced by defendant would permit form to take the place of substance. Pabst v. Roxana Petroleum Co., 5 Cir., 30 F.2d 953, at page 955.

In view of the foregoing, the motions to remand in the above entitled matters are, and each of them is, granted.

ST. SURE, Senior District Judge, concurs.