## MOLTKE v. INTERCONTINENTAL SHIPPING CORPORATION.

United States District Court
S. D. New York.

Oct. 21, 1949.

William L. Standard, New York City, attorney for plaintiff. Morton J. Heckerling, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, attorneys for defendant. John J. Martin, New York City, of counsel.

RIFKIND, District Judge.

This is an action against the owner and operator of the S.S. Insco Trader by a former member of its crew. The complaint seeks indemnity and maintenance and cure for the injuries alleged to have been negligently inflicted. The suit was removed to this court from the New York Supreme Court. The defendant now moves to set aside the service of process and to dismiss the action.

On the merits, the motion presents no difficulty. The only question which is debatable is whether the court has jurisdiction to entertain it. I have concluded that it does not, because the removal was improvident and without jurisdiction.

■ Although the complaint does not plead the Jones Act, its allegations clearly reveal that it relies upon rights conferred by that statute. See, Burkholder v. United States, D.C.E.D.Pa. 1944, 56 F.Supp. 106, 109. Indeed, the defendant, in its motion papers, so asserts.

■ An action under the Jones Act may not be removed. 46 U.S.C.A. § 688; Beckwith v. American President Lines, D.C. N.D.Cal. 1946, 68 F.Supp. 353; Petterson v. Standard Oil Co. of N. J., D.C.S.D.N.Y. 1924, 41 F.2d 219; 28 U.S.C.A. § 1445 (a).

The fact that the complaint may be read to state another ground for recovery in addition to one under the Jones Act does not affect the non-removable nature of the case. Goetz v. Interlake S.S. Co., D.C.S. D.N.Y. 1931, 47 F.2d 753, 755. Cf. Ullrich v. New York, N. H. & H. R. Co., D.C. S.D.N.Y. 1912, 193 F. 768, 771; Beckwith v. American President Lines, D.C.N.D.Cal. 1946, 68 F.Supp. 353, 354.

■ In the past there has been some dispute over whether the limitation on removal is jurisdictional in nature or merely a personal privilege, which may be waived by the plaintiff. See, Goetz v. Interlake S.S. Co., supra, 47 F.2d 756. The revised Judicial Code seems to have settled the controversy. Section 1441(a) of the revised code, 28 U.S.C.A., the basic provision conferring removal jurisdiction, reads as follows: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed * * *."

The removal jurisdiction is thus granted in limited terms. Section 1445 of the revised code, which is entitled, "Carriers; non-removable actions", is one of the exceptions expressly established by statute. It provides for non-removability of Employers' Liability suits, and indirectly, for non-removability of Jones Act suits.

The failure of the plaintiff to object to the removal has no relevance. There never was any removal jurisdiction.

■ The action was removed improvidently and without jurisdiction.

The action will be remanded; 28 U.S. C.A. § 1447(c); Greene v. United Fruit Co., D.C.S.D.N.Y. 1949, 85 F.Supp. 81.