## KOSEK v. PAN–ATLANTIC S. S. CORP.
### Civ. No. 10974.

United States District Court
E. D. New York.

Nov. 10, 1950.

Herman E. Hoberman, Brooklyn, N. Y., for plaintiff (Samuel J. Sussman, Brooklyn, N. Y., of counsel).

Gay & Behrens, New York City, for defendant (Mack Kreindler, New York City, of counsel).

BYERS, District Judge.

Plaintiff moves to remand to the State Court from which defendant removed this cause, on the ground that, being a Jones Act case, it was not subject to removal. If the premise is sound, the conclusion urged is correct. Martin v. United States Shipping Board Emergency Fleet Corp., D.C., 1 F.2d 603; Petterson v. Standard Oil Co. of New Jersey, D.C., 41 F.2d 219; Beckwith v. American President Lines, D.C., 68 F. Supp. 353.

The complaint alleges that the defendant as charterer operated, managed, maintained and controlled the S. S. Greeley Victory, and the gear and appurtenances, particularly the door on the escape hatch on the top deck, on July 27, 1949, on which date the plaintiff was aboard "as a seaman in the capacity of a longshoreman".

While a seaman is one thing and a longshoreman is another, the allegation may be deemed to accord with the purposes of the majority opinion in the case of Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099.

The complaint continues that the officers, crew and master were in defendant's employ. Then, "Ninth: That in addition to liability imposed by State Law, the defendant herein is liable under the provisions of 46 U.S.C.A. 688 commonly known as the Jones Act."

The following paragraphs allege plaintiff's injury (while "carefully, prudently and properly engaged in the performance of his duties aboard the vessel") by reason of the unseaworthy condition of the vessel, and the alleged infirmities of the door of the escape hatch and coaming which caused it to collapse are stated. The same alleged circumstances are said to have constituted negligence and the omission to furnish a safe place to work; also "Eleventh: * * *, and the defendant was otherwise careless, reckless and negligent in the premises *without any fault or contributory negligence on the part of the plaintiff * * *.*" (Emphasis supplied.)

The complaint does not state that the plaintiff brings his action under the Jones Act.

Paragraph Ninth above quoted is not such an allegation; at best it is the expression of the pleader's opinion on a question of law.

There is something more involved than a technical matter of pleading, for the defendant is entitled to know whether it is called upon to meet proof that the plaintiff was free from contributory negligence, or

to prepare for trial on the issue of comparative negligence under the Jones Act as assimilated to the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

Had the plaintiff stated that he was suing under the Jones Act, remand would have been requisite. In the absence of such an averment, his complaint will be seen to assert a cause of action in negligence under the law of New York, without contributory negligence on his part, and diversity being present, the cause was properly removed.

The conceded fact that the plaintiff was the employee of a stevedore, and was not enrolled in the ship's articles, seems to be of no relevance under the cases which have been consulted.

Motion denied. Settle order.