Johnnie A. WAMSLEY, and Stacey A. Wamsley, his wife, Plaintiffs,

v.

TONOMO MARINE, INC., a Pennsylvania corporation, and the Motor Vessel the Little Eagle, and John Doe, and/or John Doe Corporation, an unknown individual and/or corporation, Defendants.

No. CIV.A. 3:03–0613.

United States District Court,
S.D. West Virginia.
Huntington Division.

Oct. 22, 2003.

James M. Casey, Pt. Pleasant, WV, for plaintiffs.

Leonard Fornella, Heintzman Warren Wise & Fornella, Pittsburgh, PA, for defendants.

## ORDER

CHAMBERS, District Judge.

Pending is the plaintiffs' Motion to Remand the above-styled action to the Circuit Court of Mason County, West Virginia. For the reasons stated below, the Court **GRANTS** the motion.

## RELEVANT FACTS

Plaintiff, Johnnie A. Wamsely, was injured on March 16, 2000, while performing his job duties on the Kanawha River as an employee of defendant, Tonomo Marine, Inc. Plaintiffs filed a complaint in the Circuit Court of Mason County, West Virginia under 46 U.S.C.App. § 688(a) of the Jones Act. The complaint also included allegations of unseaworthiness, maintenance & cure, and loss of consortium.

On June 30, 2003, defendants filed a "Notice of Removal" pursuant to 28 U.S.C. § 1441(b). Subsequent thereto, the plaintiffs filed a "Notice to Remand" because claims brought under the Jones Act cannot be removed from state to federal court based on diversity of citizenship.

## ARGUMENT

■ The complaint joins two different causes of action. One under the Jones Act alleging negligence and the other under general maritime law alleging unseaworthiness and maintenance & cure.[1] A cause of action under the Jones Act is distinct from a claim under general maritime law. A Jones Act claim involves liability to a seaman injured aboard a ship as a result of negligence, but a general maritime law

claim involves liability without fault. *Slaughter v. S.S. Ronde,* 390 F.Supp. 637, 640 (S.D.Ga.1974). In an unseaworthiness cause of action, how the unseaworthy condition developed, whether by negligence or otherwise, is irrelevant to the shipowner's liability. *Id.* at 640. In *Mitchell v. Trawler Racer, Inc.,* 362 U.S. 539, 550, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960), the U.S. Supreme Court held that "the decisions of this Court have undeviatingly reflected an understanding that the owner's duty to furnish a seaworthy ship is absolute and completely independent of his duty under the Jones Act to exercise reasonable care." Since we are dealing with two distinct types of claims, the law governing each claim's removal is different.

### A. Removability of Jones Act Claims

■ The Jones Act provides seamen the right to select the court in which their cause of action is to be heard.[2] 46 U.S.C.App. § 688(a). Plaintiffs chose to file their action in the Circuit Court of Mason County, West Virginia. It is clear that when a seaman has elected to bring an action under the Jones Act in state court, the cause is not removable to a federal court.[3] *Pate v. Standard Dredging Corp.,* 193 F.2d 498 (5th Cir.1952); *Moltke*

---

1. Unseaworthiness is a claim under general maritime law based on the vessel owner's duty to ensure that the vessel is fit to be at sea. *See generally Mitchell v. Trawler Racer Inc.,* 362 U.S. 539, 550, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960). A claim for maintenance & cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving on the ship. *See generally Calmar S.S. Corp. v. Taylor,* 303 U.S. 525, 527–28, 58 S.Ct. 651, 82 L.Ed. 993 (1938).

2. In relevant part, 46 U.S.C.App. § 688(a) provides that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law ... and in such action all statutes of the United States modifying or extending the common-law right or remedy in

cases of personal injury to railway employees shall apply ..." Incorporated by reference is 28 U.S.C. § 1445(a), which states that a "civil action in any State court against a railroad [by an employee] ... may not be removed to any district court of the United States." *Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354, 372, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959)(stating that the policy of unremovability of maritime claims brought in state courts was incorporated by Congress into the Jones Act); *See Loftus v. Delaware & H.R. Corp.,* 122 F.Supp. 829 (M.D.Pa.1954)(holding that 28 U.S.C. § 1445(a) prohibits removal of railroad employee actions even where there is diversity of citizenship or where actions involve a federal question).

3. An action brought fraudulently under the Jones Act is removable from state to federal

*v. Intercontinental Shipping Corp.*, 86 F.Supp. 662 (S.D.N.Y.1949); *Beckwith v. American President Lines*, 68 F.Supp. 353 (N.D.Cal.1946); *Gutierrez v. Pacific Tankers, Inc.*, 81 F.Supp. 278 (S.D.Tex.1948); *Rodich v. American Barge Lines*, 71 F.Supp. 549 (E.D.Mo.1947); *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001)(stating that a Jones Act claim is not subject to removal even in the event of diversity of the parties). If plaintiffs had alleged only Jones Act violations, the cause of action would be unremovable. However, plaintiffs' allegations of unseaworthiness and maintenance & cure are general maritime law claims that are removable if independent grounds for federal jurisdiction exist, such as diversity.

## B. Removability of General Maritime Law Claims

■ Article III, § 2, of the United States Constitution vests federal courts with jurisdiction over all cases of admiralty and maritime jurisdiction. Congress has codified this grant of authority in 28 U.S.C. § 1333(1), which states that "the district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases other remedies to which they are otherwise entitled.*"(emphasis added). Section 1333's "saving to suitors" clause preserves a maritime suitor's election to

pursue common-law remedies in state court. The Supreme Court has held that a claim brought under the "saving to suitors" clause in state court should not be removed on the ground of federal question jurisdiction. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 371–72, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). The Fourth Circuit Court of Appeals has held, however, that admiralty and maritime cases under the "saving to suitors" clause are removable if there exists some independent basis for jurisdiction, such as diversity of citizenship. *Servis v. Hiller Sys. Inc.*, 54 F.3d 203, 207 (4th Cir.1995). If plaintiffs' complaint had only alleged general maritime law claims, the case would be removable on a diversity of citizenship basis. However, since the plaintiffs joined a Jones Act claim and a general maritime claim, this court must determine whether a Jones Act claim when joined with a general maritime claim is removable when diversity of citizenship exists.

## C. Removability of Cases with Jones Act and General Maritime Law Claims

The Fourth Circuit has not determined whether a Jones Act claim when joined with a general maritime claim is removable when diversity exists. However, the Second and Fifth Circuits have held that such joined claims are removable if the claims are separate and independent from each other.[4] In other words, if a Jones Act

court. *See Burchett v. Cargill, Inc.*, 48 F.3d 173 (5th Cir.1995). However, no allegations of fraud exist in this case.

**4.** A number of district courts have addressed the issue as well and concur with the Second and Fifth Circuit's holdings. *See In re Waterman Steamship Corp.*, 1992 WL 124819 (E.D.La.)(holding that although claims asserted under the general maritime law of unseaworthiness are removable when diversity exists, they cannot be removed when combined with a claim under the Jones Act); *See also*

*Lonthier v. Northwest Ins. Co.*, 599 F.Supp. 963 (W.D.La.1985)(holding that general maritime and unseaworthiness claims brought in state court are removable to federal court only if they constitute "separate and independent" claims or causes of action in relation to the non-removable Jones Act claim); *See also Iwag v. Geisel Compania Maritima*, 882 F.Supp. 597, 605 (S.D.Tx.1995)(holding that joinder of a non-removable Jones Act claim, with a removable claim under general maritime law that is not separate and independent, is not grounds for removal).

claim and a general maritime claim arise out of the same set of facts, the case should not be removed from state court. In *Gonsalves v. Amoco Shipping Co.*, the plaintiff filed an action in state court joining claims under the Jones Act and maintenance & cure after he suffered injuries aboard a vessel owned by the defendant employer. 733 F.2d 1020 (2d Cir.1984). The defendant removed the action to federal court on diversity of citizenship grounds and the jury returned a verdict in the defendant's favor. *Id.* at 1021. On appeal, the Second Circuit reversed the district court's denial of the plaintiff's motion to remand and held that removal was improper because the maintenance & cure claim was not sufficiently distinct to warrant removal when it arose out of the same set of facts as the Jones Act claim. *Id.* at 1026. To determine what constitutes "separate and independent" claims, the Second Circuit defined a "cause of action" as when:

> the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination or some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

*Id.* at 1023 (quoting *Baltimore Steamship Co. v. Phillips*, 274 U.S. 316, 321, 47 S.Ct. 600, 71 L.Ed. 1069 (1927)).

Likewise, the Fifth Circuit's case law provides that an unseaworthiness claim joined with a Jones Act claim for negligence is unremovable unless the claims can stand independently. In *Lirette v. N.L. Sperry Sun Inc.*, the Court held that a Jones Act claim and an unseaworthiness claim did not constitute separate and independent claims because the claims involved an invasion of a single primary right, and therefore the case was not removable. 810 F.2d 533, 539 (5th Cir.1987).

 In the present case, it is clear that removal is prohibited. Claims under the Jones Act and general maritime law are removable only if the claims are separate and independent. *Gonsalves,* 733 F.2d 1020. A separate and independent cause of action is one that involves the single wrongful invasion of a single primary right of the plaintiff. *Baltimore Steamship Co.,* 274 U.S. at 321, 47 S.Ct. 600, 71 L.Ed. 1069 (1927); *See Gonsalves,* 733 F.2d at 1026 (holding that a single cause of action arises out of the same set of facts). The plaintiffs' complaint includes allegations under the Jones Act and general maritime law stemming from injuries to his head, neck, back, and left leg while working on the Kanawha River. (Compl. 1, 3). The complaint alleges that the injuries were sustained on or about May 16th, 2000, all of which, occurred at the same time and place. (Compl. 3). Consequently, the plaintiffs' claims under the Jones Act and general maritime law are not separate and independent; therefore the case is unremovable.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS** the plaintiffs' Motion to Remand the above-styled case to the Circuit Court of Mason County, West Virginia. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties and to publish this Order on the District's website.